# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)     2:12-cr-00035<br>**v.** )<br>)<br>**CURTIS VEASLEY** ) | |

## ORDER OF COURT

Presently before the Court is the MOTION TO UNSEAL EXHIBIT 1 TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE, OR, IN THE ALTERNATIVE, TO PROVIDE A COPY OF EXHIBIT 1 TO DEFENDANT filed by defendant Curtis Veasley (Document No. 27) and the RESPONSE IN OPPOSITION filed by the government (Document No. 29).

On June 12, 2012, Defendant filed a Motion to Suppress Evidence under Franks v. Delaware. In support of his Motion, Defendant attached, *inter alia*, a copy of the Application for Search Warrant dated April 16, 2010, with attached redacted Affidavit of Probable Cause. On June 26, 2012, the government responded in opposition and represented that "[t]he search warrant in this case is attached hereto as Exhibit 1." However, the Exhibit was not attached to the Motion.

The following day, on June 27, 2012, the government sought leave to file the search warrant and affidavit under seal because "this Exhibit contains the identities of confidential informants that should remain protected." Mot., Document No. 23. The Court granted the Motion the following day, Document No. 24, and Exhibit 1 was thereafter filed under Seal.

On July 9, 2012, the Court scheduled a hearing on Defendant's Motion to Suppress. The next day, counsel for Defendant filed the instant motion in which Defendant seeks to either have

1

the Court (i) unseal the unredacted search warrant affidavit or, in the alternative, (ii) order the government to provide a copy of the unredacted search warrant affidavit to counsel for Defendant. In support of his motion, Defendant contends that he was previously "given an unredacted copy of the state search warrant affidavit, but was forced to leave it at Westmoreland County Jail when he was writed out by the Government."

In response, the government does not deny that Defendant was previously provided with a copy of the search warrant affidavit, but argues that (i) Defendant is not entitled to "disclosure of the identities and/or any information relating to the government's informants who will be called at trial. The government is not required to provide the defendant with the names of non-testifying witnesses who aided in the investigation;" (ii) "effective law enforcement and the protection of the public interest require that the government be permitted, absent exigent circumstances, to withhold the identity of informants;" and (iii) the Jencks Act protects discovery of statements of witnesses that the government intends to call at trial.

While the government makes interesting points, it appears to the Court that these points have all been rendered moot by the fact that Defendant was previously given a copy of the exact unredacted search warrant affidavit which is at issue. Accordingly, Defendant is aware of the identity of the third party whose name has been redacted and in fact, specifically names the third party in his Motion to Suppress.

Accordingly, the Court will **GRANT IN PART and DENY IN PART** the Defendant's Motion to Unseal. The Motion is **GRANTED** to the extent that the government shall provide a copy of Sealed Exhibit 1, the unredacted search warrant affidavit, to counsel for Defendant

**FORTHWITH**. The Motion is **DENIED** to the extent that Defendant has asked that Exhibit 1 be unsealed.

So **ORDERED** this 20th day of July, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Almon S. Burke , Jr.,
Assistant U.S. Attorney
Email: almon.burke@usdoj.gov

Marketa Sims
Assistant Federal Public Defender
Email: marketa_sims@fd.org