**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR No. 12-35 |
| | ) | CV No. 16-777 |
| CURTIS VEASLEY | ) | |
| | ) | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant pleaded guilty to four counts: three of violating 21 U.S.C. §
841, and one of violating 18 U.S.C. § 922(g). On May 22, 2013, he was sentenced to concurrent
terms of imprisonment of 120 months and 151 months, followed by a term of supervised
release.[1] His sentence was based, in part, on his career offender status under U.S.S.G. § 4B1.2.
The Court of Appeals summarily enforced his appellate waiver. On June 10, 2016, Defendant,
through counsel appointed for that purpose, filed a Motion pursuant to 28 U.S.C. § 2255. The
Motion was later stayed pending the outcome of Beckles v. United States, 137 S. Ct. 886 (2017).
After the stay was lifted on March 9, 2017, defense counsel moved to withdraw as counsel, and
the Motion was granted. Defendant, acting pro se, requested and received permission to file
supplemental materials in support of his Motion. He did so, and the Motion is now ripe for
review. For the following reasons, Defendant's Motion will be denied, and no certificate of
appealability shall issue.

---

[1] Judge McVerry presided over Defendant's sentencing. This matter was transferred to my docket on December 1,
2016.

# OPINION

## I. APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Moreover, it is axiomatic that pro se filings are entitled to liberal construction, and I have considered Defendant's Motion accordingly. Here, a hearing is unnecessary, and the amended Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

Defendant argues that his sentence, to the extent that it was based on the residual clause of Section 4B1.2, is invalid. Despite the Supreme Court's holding in Beckles, Defendant contends that the Guidelines remain subject to challenge. Indeed, it is clear that the advisory Guidelines are not immune from scrutiny. Beckles, 137 S. Ct. at 902. Nonetheless, it is likewise clear that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Id. at 890. Defendant was sentenced in 2013 under the advisory Guidelines, and his Motion must be denied.[2]

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons

---

[2] Defendant's supplemental materials also request the appointment of counsel. Such action is not warranted at this juncture.

stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.  An appropriate Order follows.

**ORDER**

AND NOW, this 18th day of May, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [92] is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Courts