IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 12-35 |
| | ) |
| v. | ) |
| | ) |
| CURTIS VEASLEY | ) |

## OPINION

### SYNOPSIS

In January 2013, Defendant pleaded guilty to three counts of violating 21 U.S.C. §§ 841 and one count of violating 18 U.S.C. § 3582(c)(1)(A). On May 22, 2013, The Honorable Terrence F. McVerry sentenced the Defendant to concurrent terms of imprisonment of 120 months and 151 months, followed by a total three-year term of supervised release. Defendant is presently housed at FCI McDowell. Per Inmate Locator, his projected release date is October April 21, 2022. Defendant represents that his release to home confinement is October 21, 2021. Defendant has filed a pro se Motion seeking home confinement or compassionate release pursuant to 18 U.S.C. § 3582, along with certain records.[1] The Government has responded. For the following reasons, Defendant's Motion (ECF No. 110) will be denied.

### ANALYSIS

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, having determined that the defendant has exhausted his administrative remedies,[2] and after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that "extraordinary and

---

[1] The Federal Public Defender declined to enter an appearance on Defendant's behalf.
[2] Here, the Government does not dispute the Defendant's assertions that he has exhausted his administrative remedies. Having reviewed the submissions, I am satisfied that the Defendant has met this requirement.

1

compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[3] According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition." Id. at comment. n. 1(A), (C).[4] In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)).   To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020).  Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).  In addition to these principles, Defendant's Motion will be assessed in light of well-established liberal standards applicable to pro se filings.

   In this case, Defendant asserts that he suffers from obesity and a BMI of 34. ECF No. 110.  According to the Centers for Disease Control, people who suffer from obesity are at an increased risk of severe illness from the virus that causes COVID-19. www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  (Accessed Jan. 4, 2021).  CDC guidance defines obesity as having a body mass

---

[3] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

[4] Extraordinary and compelling reasons may also exist based upon "family circumstances." U.S.S.G. § 1B1.13. According to the Commentary accompanying U.S.S.G. § 1B1.13, "family circumstances" involve the death or incapacitation of a caregiver for the defendant's minor child(ren) or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver.  Defendant asserts that his sister suffers from cancer but sibling relationships do not fall within the purview of the Sentencing Commission's policy statement.

index (BMI) of 30 or higher. If his representations are true, then obesity does put Defendant at risk of a serious illness should he contract COVID-19. Yet the Defendant has not supplied this Court with any medical records. His own self-diagnosis of obesity is not a sufficient basis for a finding of extraordinary and compelling reasons.

## CONCLUSION

The Court does not minimize Defendant's situation, or the fear of contracting COVID-19. Nonetheless, Defendant has not established that he has "extraordinary and compelling" reasons that warrant a reduction in his sentence. Consequently, his motion must be denied. Denial is, however, without prejudice. Defendant may resubmit his Motion together with medical records or some other evidentiary evidence supporting his claim of obesity. Should he do so, the Court will then assess whether the other applicable factors, such as those identified in Section 3553, might support release. However, based on the present record, I conclude that Defendant's original sentence remains sufficient, but not greater than necessary, to meet all of the goals of sentencing. His Motion will be denied at this time. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: January 5, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 12-35 |
| | ) |
| v. | ) |
| | ) |
| CURTIS VEASLEY | ) |

**ORDER**

AND NOW, this 5th day of December, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Compassionate Release (ECF No. 110) is DENIED.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

4